# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBBIE L. BURRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 2:14-cv-00191-JMS-WGH |
| | ) | |
| SUPERINTENDENT, Federal Correctional Complex, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Selected Matters**

**I.**

Despite the ambiguous title given to his pleading, Mr. Burris seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. The court honors his choice, *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). Accordingly:

1. The clerk shall change the nature of suit code for this action to 530 and the cause of action code to 28:2241.

2. The proper respondent is the petitioner's custodian, named in his official capacity only. This is the Superintendent of the Federal Correctional Complex, as shown in the caption of this Entry.

**II.**

Mr. Burris shall have through July 22, 2014 in which to either pay the $5.00 filing fee or demonstrate that he lacks the financial means to do so.

**III.**

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States,* 417 U.S. 333, 343 (1974), although § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012). In *Hill,* the Seventh Circuit reiterated: "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" 695 F.3d at 648 (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)).

The petitioner shall have through July 22, 2014 in which to show cause why the remedy afforded by 28 U.S.C. § 2255 inadequate or ineffective is inadequate to test the legality of his sentence.

**IV.**

The pleading filed by Mr. Burris was docketed in the underlying criminal action, No. 2:10-cr-00026-JMS-CMM, as his motion for relief pursuant to 28 U.S.C. § 2255. This Entry

shall be docketed in the underlying criminal action, No. 2:10-cr-00026-JMS-CMM, and the motion for relief pursuant to 28 U.S.C. § 2255 docketed in the underlying criminal action on June 18, 2014 is denied without prejudice.

IT IS SO ORDERED.

Date: 07/07/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Robbie Burris
09854-028
Terre Haute FCC
P.O. Box 33
Terre Haute, IN 47808